José A. Canals, American Colonial Bank, Roses & Cía., Sucrs., Marqués & Co., Sucrs. de Canals Hnos, & Cía., F. Ramírez & Cía., Forteza Hnos. & Cía., Hernaiz Targa & Cía. y Santisteban Chavarri & Cía., acreedores-peticionarios-apelados; Juana, Domingo y Micaela Pérez Hernández, interventores-apelados, y Julia Muñiz Rivera, viuda de Pérez, administradora judicial apelante.

No. 4516.—*Visto:* Marzo 19, 1928. *Resuelto:* Mayo 4, 1928.

*José E. Díaz,* abogado de la apelante; *Blondet & Campillo,* abogados de los interventores apelados.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Al ocurrir la muerte de Domingo Pérez Viera varios acreedores suyos solicitaron la administración de los bienes relictos por aquél alegando que ignoraban si había otorgado testamento. La corte de distrito accedió a esa petición y nombró administradora judicial a Julia Muñiz Rivera, viuda de Domingo Pérez Viera. Posteriormente algunos de los hijos del finado solicitaron fuese dejada sin efecto la administración judicial decretada fundándose en que Domingo Pérez Viera murió con testamento en el que hizo institución de herederos a favor de sus hijos y nombró a su hermano Ramón Pérez Viera albacea, contador y partidor de sus bienes; y la Corte, después de oir a las partes y fundándose en la existencia no impugnada de dicho testamento, dejó sin

efecto el nombramiento de administradora judicial que había hecho. Contra esta resolución interpuso apelación la administradora judicial Julia Muñiz Rivera, viuda de Pérez, apelación que se nos pide desestimemos por no ser ella parte en estos procedimientos como tal administradora judicial, moción a la que no se ha opuesto la apelante.

Un administrador judicial puede establecer recurso de apelación en su capacidad representativa cuando en tal capacidad es interesado y parte agraviada por la decisión que apela, y así puede establecer ese recurso en procedimientos en que como demandante o demandado represente los bienes que administra; en caso de destitución ilegal de su cargo y en otros análogos que se citan en 3 C. J. página 644, párrafo 507, pero no en este procedimiento en el que la administradora judicial no es parte interesada en su capacidad representativa, ya que el procedimiento se sigue entre los acreedores y los herederos, y la única cuestión controvertida entre las verdaderas partes es si por existir un albacea, contador y partidor de la herencia nombrado en el testamento de Domingo Pérez Viera no es procedente una administración judicial, y por tanto no debe subsistir el nombramiento de administradora hecha por la corte.

La viuda de Domingo Pérez Viera puede tener algún interés en los bienes quedados a la muerte de su esposo pero esta apelación la ha interpuesto en su capacidad de administradora judicial, y en tal carácter no puede interponerla en este caso y *debe ser desestimada*.

Los Jueces Asociados Sres. Wolf y Hutchison disintieron.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

Mi disentimiento en este caso se funda en la proposición de que las controversias principales no deben ser resueltas antes de ser oídas. Si bien la existencia de un testamento podría poner y probablemente pondría fin a la administra-

ción, la administradora tiene derecho a negar la existencia de un testamento, o que éste fuera probado debidamente. Aunque no es probable, puede que haya habido otras razones por las cuales debía continuar la administración. Si el testamento no era válido, la capacidad de ella no había terminado. Los mismos hechos de que dependía su derecho a proceder no deben asumirse contra ella para desestimar una apelación, sino que el caso debió haberse oído sobre sus méritos.